# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 99-453V
**Filed: February 24, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| JACK SEXTON *and* PEDORA E. ZACHARY* | | |
| *as Administrators for the Estate of* N.Z.S., | * | |
| *deceased* | * | |
| | * | Special Master Dorsey |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Joint Stipulation on Damages; |
| SECRETARY OF HEALTH | * | Hepatitis B vaccine; Death |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On July 13, 1999, Jack Sexton and Pedora Zachary ("petitioners") filed a petition on behalf of their minor child, N.Z.S., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that as a result of receiving a Hepatitis B ("Hep B") vaccine on or about October 8, 1992, N.Z.S. suffered from an injury that resulted in his death on October 10, 1992.  See Petition at ¶ 3.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 24, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that the Hep B vaccine caused N.Z.S.'s alleged injury and/or any other injury, and denies that N.Z.S.'s death occurred as a result of a vaccine-related injury. Stipulation at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $30,000.00, in the form of a check payable to petitioners, Jack Sexton and Pedora E. Zachary, as representatives of the Estate of N.Z.S.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JACK SEXTON and PEDORA E.
ZACHARY, as Administrators for the
Estate of N.Z.S., deceased,

                        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

No. 99-453V
Special Master Nora Beth Dorsey
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.  On behalf of the Estate of N.Z.S., deceased, petitioners Jack Sexton and Pedora E. Zachary, N.Z.S.'s natural parents, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury, resulting in death, allegedly related to N.Z.S.'s receipt of the hepatitis B (Hep B) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  N.Z.S. received the Hep B vaccine on or about October 8, 1992.

3.  The vaccine was administered within the United States.

4.  Petitioners allege that the vaccine caused N.Z.S. to suffer from an injury that resulted in his death on October 10, 1992. Petitioners do not allege that thimerosal in the Hep B vaccine caused, contributed to, or triggered the death of N.Z.S.

5.  Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of N.Z.S.'s alleged condition, resulting in death.

1

6. Respondent denies that the Hep B vaccine is the cause of N.Z.S.'s alleged injury and/or any other injury, and denies that N.Z.S.'s death occurred as the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$30,000.00** in the form of a check payable to petitioners as representatives of the Estate of N.Z.S. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as representatives of the Estate of N.Z.S. under the laws of the State of Virginia.

2

12. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of the Estate of N.Z.S., on behalf of themselves and N.Z.S.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.Z.S. resulting from, or alleged to have resulted from, the vaccine administered on or about October 8, 1992, as alleged by petitioners in a petition for vaccine compensation filed on or about July 13, 1999, as amended on November 23, 2011, in the United States Court of Federal Claims as petition No. 99-453V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

3

15.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hep B vaccine caused N.Z.S.'s alleged injury resulting in death and/or any other injury resulting in death.

16.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of N.Z.S.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted.

PETITIONERS:

_Jack Sexton_
JACK SEXTON,
as co-administrator of the
Estate of N.Z.S.

_Pedora E Zachary_
PEDORA E. ZACHARY,
as co-administrator of the
Estate of N.Z.S.

ATTORNEY OF RECORD FOR
PETITIONERS:

by Joseph M. Pepper
(Rule 83.1 (c)(2))

_[signature]_
RONALD C. HOMER
CONWAY, HOMER & CHIN-CAPLAN, P.C.
16 Shawmut St
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
_by Katherine E._
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_[signature]_
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop HC-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_Ryan D. Pyles_
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: _February 24, 2015_

5