# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 99-453V
**Filed: November 9, 2015**

| | | |
|---|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | PUBLISHED |
| JACK SEXTON *and* PEDORA | \* | |
| E. ZACHARY, *as administrators for* | \* | Chief Special Master Dorsey |
| *the estate of* N.Z.S., *deceased,* | \* | |
| | \* | |
| Petitioners, | \* | Attorneys' Fees and Costs; |
| | \* | Reasonable Hourly Rate; Overstaffing |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

The undersigned issued a Decision pursuant to the parties' stipulation awarding petitioners $30,000.00 in compensation on February 24, 2015. On June 24, 2015, petitioners filed an application for attorneys' fees and costs, requesting: $38,067.70 in attorneys' fees for the Conway, Homer & Chin-Caplan ("CHCC") firm; $2,621.91 in attorneys' fees for petitioners' former counsel, Shoemaker & Associates; attorneys' costs of $19,041.07; and petitioners' costs of $230.00, for a total fees and costs award of $59,960.68. Petitioners filed a supplemental application for attorneys' fees on August 24, 2015, requesting an additional $2,118.00 in fees for CHCC. On October 9, 2015, in compliance with a previous court order, petitioners filed a second supplemental applications for attorneys' fees and costs, adjusting the amount they seek in

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

attorneys' fees based on the rates awarded in McCulloch.[2]  In that application, petitioners seek: attorneys' fees of $40,014.20[3] for the CHCC firm; $2,621.91 in attorneys' fees for petitioners' former counsel, Shoemaker & Associates; attorneys' costs of $19,041.07; and petitioners' costs of $230.00, for a total fees and costs of $61,907.18.  Respondent has raised objections to certain aspects of petitioners' fee applications.

For the reasons set forth below, the undersigned awards petitioners **$60,119.78** in reimbursement for fees and costs.

I.   **Procedural History**

On July 13, 1999, Jack Sexton and Pedora E. Zachary ("petitioners") filed a petition on behalf of N.Z.S. pursuant to the National Vaccine Injury Compensation Program.[4] 42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioners alleged that as a result of receiving a Hepatitis B ("Hep B") vaccination on October 8, 1992, N.Z.S. suffered from an injury that resulted in his death on October 10, 1992.  Petition at 1.  The undersigned issued a Decision pursuant to the parties' stipulation awarding petitioners $30,000.00 in compensation on February 24, 2015.

On June 24, 2015, petitioners filed an application for attorneys' fees and costs, requesting: $38,067.70 in attorneys' fees for the CHCC firm; $2,621.91 in attorneys' fees for petitioners' former counsel, Shoemaker & Associates; attorneys' costs of $19,041.07; and petitioners' costs of $230.00, for a total fees and costs award of $59,960.68.  Respondent filed an opposition to petitioners' application on August 14, 2015, objecting on the grounds that the attorneys' hourly rates were not reasonable, and that portions of the time expended were excessive and/or unreasonable.  Resp. Opp. at 1.  Respondent also objected to certain costs, including $3,000.00 billed by Dr. Michael Gurish, and the hourly rate of $500.00 for both Drs. Oleske and Miller.  Id. at 21-22.  Petitioners filed a reply to respondent's opposition on August 24, 2015, arguing that none of the fees or costs requested were unreasonable or excessive.  Petitioners also filed a supplemental application for attorneys' fees, requesting an additional $2,118.00 in reimbursement for fees incurred for reviewing respondent's opposition and drafting and filing the reply.  See Pet. Supp. App. for Attorneys' Fees, filed Aug. 24, 2015.

On October 9, 2015, petitioners filed a second supplemental application for attorneys' fees and costs, adjusting the amount they ask for in light of Special Master Gowen's decision on the appropriate hourly rate for petitioner's counsel in another case, McCulloch.  Petitioners now seek attorneys' fees of $40,014.20 for the CHCC firm, attorneys' costs of $19,041.07,

---

[2] See McCulloch v. Sec'y of Health &Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[3] This total incorporates attorneys' fees requested in the original June 24, 2015 application for attorneys' fees and costs as well as the August 24, 2015 supplemental application for attorneys' fees.

[4] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

petitioners' former counsel's fees and costs of $2,621.91, and petitioners' costs of $230.00, for a total fees and costs of $61,907.18. This matter is now ripe for adjudication.

## II.     Discussion

Under the Vaccine Act, the special master or court shall also award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioners in this case were awarded compensation pursuant to a stipulation, and therefore they are entitled to an award of reasonable attorneys' fees and costs.

### i.     **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

#### 1. Hourly Rates

In 2006, the parties' counsel in this case reached an agreement on the hourly rates for CHCC attorneys, paralegals, and law clerks based upon prevailing rates in the Boston area. See Carr v. Sec'y of Health & Human Servs., No. 00-778V, 2006 WL1073032, at *1-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2006). The Carr agreement was entered into two years before the seminal Avera case, which established that a court should use the forum rate, i.e., the District of Columbia rate, in determining an award of attorneys' fees. Avera, 515 F.3d at 1348. At the same time, the court also adopted the Davis County exception to the forum rule to prevent windfalls to attorneys who work in less expensive legal markets. Id. at 1349 (citing Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency,

169 F.3d 755, 758 (D.C. Cir. 1999)). Recently, CHCC has been requesting rates higher than the rates the parties agreed to in Carr. See, e.g., McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In the instant case, in their initial fee application, CHCC submitted billings using the Carr rate for all activity prior to April 2, 2014. See Pet. App. for Attorneys' Fees & Costs, Tab A at 1-39. After that date, CHCC began billing its proposed hourly rates, which are higher than the Carr rates. Id. at 39-55.

The issue of an appropriate hourly rate for the attorneys, paralegals, and law clerks at CHCC was recently ruled upon in McCulloch. The undersigned fully agrees with the McCulloch analysis regarding appropriate hourly rates for the attorneys, paralegals, and law clerks at CHCC, and will use the same hourly rates used in that decision. Those rates were utilized in Petitioners' Second Supplemental Application for Attorneys' Fees and Costs. Using the McCulloch rate, the total amount of attorneys' fees that CHCC has requested is $40,014.20.

### 2. Unnecessary Time Billed by Additional Attorneys

Respondent objects to multiple attorneys billing time on this case. Resp. Opp. at 18. The invoice of CHCC billing entries in the initial fee application reflects fees charged for work performed by six attorneys, along with paralegals and a law clerk. See Pet. App. for Attorneys' Fees & Costs, Tab A. Specifically, respondent argues that Mr. Homer's time is not justified and that 6.6 hours[5] should not be compensated, as his time was limited to review and calendaring of orders and other filings, which she argues is redundant because the attorneys substantively litigating the case would also need to be knowledgeable of the docket and deadlines. Id. at 20-21.

Petitioner contends that the time additional attorneys spent on the case was necessary, reasonable, and not duplicative. Pet. Reply at 51. Petitioners argue that, in order to zealously and effectively represent clients, it is necessary for the attorneys to discuss the "facts, medical theory and legal ramifications of each case in detail." Id. Petitioners also defend the time additional attorneys spent reviewing and editing pleadings. Id. at 51-52.

The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case. CHCC often employs such a business model, but special masters have also reduced fees for other attorneys and firms. See Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together); Austin v. Sec'y of Health & Human Servs., 2013 WL 659574, at *14 (Special Master Vowell deducted $500.00 for excessive interoffice communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

---

[5] In Petitioners' Second Supplemental Application for Attorneys' Fees and Costs, filed October 9, 2015, Mr. Homer's total hours were 10.8.

In this case, CHCC billed for multiple attorneys to review court orders and edit routine pleadings. Mr. Homer billed time to review electronic filing notifications and orders. See, e.g. Pet. Second Supp. App. for Attorneys' Fees, filed October 9, 2015, at 2-3. Many of these billings are unnecessary and duplicative, especially in light of the fact that another partner appeared to be the lead attorney on the file. Furthermore, in order to properly prepare for drafting motions, status conferences, and client calls, it was undoubtedly necessary for the attorneys more closely involved in the case to review the filings and orders that Mr. Homer had already reviewed. The justification for Mr. Homer's hourly billing rate of $400 is his many years of experience with the Vaccine Program that have shaped his insight and judgment regarding vaccine cases. Mr. Homer is not using this insight and judgment when reviewing filings and orders to track deadlines and assign tasks. Therefore, the undersigned will reduce the amount billed by Mr. Homer for reviewing court orders and respondent's filings by one-half. **The undersigned reduces petitioners' requested attorneys' fees by $1,787.40.**

      **ii.**      **Costs**

Respondent objects to $3000.00 billed for work done by Dr. Michael Gurish (7.5 hours) because he was not an expert on the record, as well as the $500 hourly rate by experts Dr. Oleske and Dr. Miller. Rep. Opp. at 21-22. The undersigned does not view these expert costs as unreasonable, and therefore, will reimburse them.

**III.**    **Conclusion**

The undersigned finds an award of attorneys' fees and costs appropriate. In sum, the undersigned awards petitioners the following amount for attorneys' fees and costs:

Second Supplemental Fee Application:

| | |
|---|---|
| Requested Attorneys' Fees (at the McCulloch Rate): | $40,014.20 |
| Reductions: | $1,787.40 |
| Attorneys' Fees Awarded: | $38,226.80 |

| | |
|---|---|
| Total Requested Fees & Costs: | $19,041.07 |

Former Counsel:

| | |
|---|---|
| Shoemaker & Associates Fees and Costs | $2,621.91 |

| | |
|---|---|
| Petitioners' Costs: | $230.00 |

| | |
|---|---|
| **Total Fees & Costs Awarded:** | **$60,119.78** |

**Accordingly, the court awards:**

a. **$59,889.78**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and Conway, Homer & Chin-Caplan in the amount of **$59,889.78**; and

b. **$230.00**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioners for **$230.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

s/Nora B. Dorsey<br>
Nora B. Dorsey<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.